## In re DEADWYLER.

(District Court, N. D. Georgia, E. D. September 17, 1923.)

No. 1552.

1. **Bankruptcy ⬥132—Trustee for partner not displaced by election of trustee for firm.**

A firm and the partners may be adjudicated bankrupts independently of each other, and where on his voluntary petition a partner has been adjudicated bankrupt, and a trustee elected for his estate, he is not displaced by the subsequent adjudication of the firm and the election of a trustee for its estate.

2. **Bankruptcy ⬥132—Referee is without power to remove trustee.**

Under Bankruptcy Act, § 2 (17), being Comp. St. § 9586 (17), and General Order 13 (89 Fed. vii, 32 C. C. A. vii), a referee is without jurisdiction to remove a trustee.

In Bankruptcy. In the matter of Lucius Deadwyler, bankrupt. On review of order of referee. Referee instructed.

Erwin, Erwin & Nix, of Athens, Ga., for movants.

SIBLEY, District Judge. On April 17, 1923, an involuntary petition in bankruptcy was filed against Deadwyler & Fortson. On April 23d L. Deadwyler, one of the partners, filed his voluntary petition in bankruptcy as an individual, and was that day adjudicated, the case referred to the referee, and a meeting of creditors called for May 4, 1923. On May 4th the firm also was adjudicated a bankrupt and the case referred. In the individual bankruptcy a trustee was elected on May 4th, his election approved, and this qualification accomplished. Later another person was elected trustee in the partnership proceedings, and motion was made before the referee to vacate, as illegal and improvident, the appointment of trustee for Lucius Deadwyler.

[1] That a firm and partners may be adjudicated bankrupts independently of one another was this day held in Re Sugar Valley Gin Company. Until May 4, 1923, it could not be known that this firm would ever be adjudicated a bankrupt. When one of the partners separately filed his individual voluntary petition and was adjudicated April 23d, this did not hinder the other partners or the firm creditors from contesting the firm's insolvency or the act of bankruptcy alleged against it. The voluntary petition was a separate case. The referee had power and was under duty to proceed with it. The creditors met thereunder on May 4th, the very day the firm was adjudicated. Had the referee known of the adjudication, he might have delayed the election of the individual trustee. The firm creditors, who were entitled to vote for the individual trustee, and should have been present, might have moved delay. Instead, a trustee was elected without objection, his election approved, and qualification accomplished.

[2] There was nothing illegal about it and a trustee, under Bankruptcy Act, § 2 (17), being Comp. St. § 9586 (17), is to be removed only for cause; the hearing, under General Order 13 (89 Fed. vii, 32 C. C. A. vii), being before the judge. A different person was elected partnership trustee. While under section 5b (Comp. St. § 9589 [b]), in case of an election covering a partnership and individual partners, the

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

partnership creditors appoint the trustee, and while by section 5c the court having jurisdiction of one partner may have jurisdiction over all the partners and all the property, there is nothing declaring the displacement of a trustee regularly elected in an individual proceeding by the election of a trustee in a partnership proceeding. To remedy any confusion that might arise, there should have been a consolidation of the two cases on the adjudication in the second. This might be accomplished now, and, if sufficient cause is shown, the removal of the individual trustee might be ordered. But the referee has no jurisdiction to do either, and he is so instructed.